

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO.1:16CR29-8 |
| | § | |
| JAVON JARAY GREEN | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter was referred to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003). On October 17, 2016, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Javon Jaray Green, on **Count Three** of the charging **Superseding Indictment** filed in this cause.

Count Three of the Superseding Indictment charges that from on or about January 1, 2014, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about May 31, 2016, in the Eastern District of Texas and elsewhere, Javon Jaray Green, and

co-defendants, did intentionally and knowingly conspire, combine, confederate and agree together, with each other, to knowingly possess firearms in furtherance of a drug trafficking crime, to wit: conspiracy to possess with the intent to distribute, and conspiracy to manufacture a mixture or substance containing twenty-eight grams or more of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code Section, 846, and in furtherance of the conspiracy and to effect the objects of the conspiracy, the defendant committed the following over acts, among others in the Eastern District of Texas and elsewhere:

1. Knowing possession of a Spikes Tactical SL15 9 mm handgun, bearing serial number SAR27149;

2. Further drug trafficking with firearms by displaying the firearms for the purpose of intimidation and keeping firearms in close proximity to controlled substances;

3. Conceal firearms, cocaine base, and drug paraphernalia, in vehicles located on or around 1123 Long Street in Beaumont, Texas;

4. Exchange controlled substances for firearms;

5. Knowing possession of the following firearms: one Browning 9 mm pistol bearing serial number T182945; one .380 Ruger LCP bearing serial number 37851132; one Glock 19 9 mm bearing serial number UVZ637; one Bushmaster Mdd X15-E25 Assault Rifle, bearing serial number BFI496121; one Colt MK4 .38 Super, bearing serial number CSC035; one FN Herstal bearing serial number 386121761; one H&K P30 bearing serial number 129-032606; one Colt MK4 series 70 38 super, bearing serial number 70S19668; one Glock 19 9 mm, bearing serial number TCF615; and one .22 caliber pistol, bearing serial number C58406;

6. Knowing possession of a ballistics vest with a "Police" Velcro Patch and knowing possession of an unmarked ballistics vest;

7. Possession of stolen firearms;

8. Knowing possession of ammunition, shotgun shells and magazine cartridges;

9. Knowing possession of the following firearms: one tan in color Spikes Tactical SL15 rifle, bearing serial number SAR76598; one single shot Rossi twelve gage shotgun, bearing serial number 5GM003927; one Remington model 1148 shotgun, bearing serial number 4144168; one Cobra DT380 .380 caliber pistol, bearing serial number CT116345; one Hi Point JCP .40 caliber pistol with serial number removed; one Walther P1-KA1 9mm pistol, bearing serial number 041925W981; and one Uberti .44 special revolver, bearing serial number 87982 reported stolen out of Lavaca County, Texas;

10. Knowing possession of one Glock Model 30 .45 caliber pistol, bearing serial number CMT158; and

11. Knowing possession of a Diamondback, Model DB9, 9mm semiautomatic pistol, bearing serial number YE5033.

All in violation of Title 18, United States Code, Section 924(o).

Defendant, Javon Jaray Green, entered a plea of guilty to Count Three of the Superseding Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United

States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

      b. That Defendant and the Government have entered into a plea agreement and a plea agreement addendum which were addressed in open court and entered into the record.

      c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

      d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 18 U.S.C. § 924(o).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. *See Factual Basis and Stipulation.* In support, the Government and Defendant stipulated that if this case were to proceed to trial the Government would prove beyond a reasonable doubt, through the sworn testimony of witnesses, including expert witnesses, as well as through admissible exhibits, each and every essential element of the crime charged in Count Three of the Superseding Indictment. The Government would also prove that the defendant is one and the same person charged in the Superseding Indictment and that the events described in Superseding Indictment occurred in the Eastern District of Texas and

elsewhere. The Court incorporates the proffer of evidence described in detail in the factual basis and stipulation in support of the guilty plea.

Defendant, Javon Jaray Green, Jr., agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the guilty plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count Three** of the charging **Superseding Indictment** on file in this criminal proceeding. The Court also recommends that the District Court accept the plea agreement and plea agreement addendum pursuant to the Local Rules for the United States District Court for the Eastern District of Texas and Federal Rule of Criminal Procedure 11(c). Accordingly, it is further recommended that, Defendant, **Javon Jaray Green**, be finally adjudged as guilty of the charged offense under **Title 18, United States Code, Section 924(o).**

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement and addendum, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in

nature. The District Court may defer its decision to accept or reject the plea agreement and addendum until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw the guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement or addendum. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 25th day of October, 2016.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE